UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

DENISE CAROLINA,

                                        Plaintiff,

               -against-

THE CITY OF NEW YORK, SERGEANT ROBERT
MALONEY, POLICE OFFICER DANY FANA, POLICE
OFFICER STEPHEN MINUCCI, and JOHN DOE ##1-4,

                                      Defendants.

------------------------------------------------------------------- x

**COMPLAINT AND JURY DEMAND**

**CV 12 - 2695**

ECF CASE

SUMMONS ISSUED

WEINSTEIN, J.

AZRACK, M.J.

FILED CLERK
2012 MAY 29 PM 4:18
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from an April 19, 2011 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest, excessive force, false imprisonment, and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and

supplementary jurisdiction over plaintiffs' state law claims are asserted

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. Sergeant Robert Maloney at all relevant times herein was an employee of the NYPD and the supervising officer of the other named defendants. He is sued in his individual and official capacities.

10. All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual and official capacities.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF INTENT TO FILE SUIT

12. Within 90 days of the events giving rise to this claim, plaintiffs filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

13.  At around 3:30 PM on April 19, 2011, plaintiff left her home at 1535 Sterling Place, Brooklyn, NY and walked east towards a store on the corner of Buffalo Avenue. Before she arrived at the store, defendant police officers emerged from an automobile stopped, detained, and intrusively searched her, without reasonable suspicion or probable cause that she had committed a crime.

14.  She was released from custody, and she walked away, the police called her back, detaining her again, and ask her again for her identification. She provided it and in an act of intimidation, wrote down her name.

15.  She went to the precinct to make a complaint. An NYPD employee provided her with the number of a gay dating service.

16.  She made a complaint to the Civilian Complaint Review Board. As is the case with more than 90% of the complaints they investigate, the charges were not substantiated. However, they did note that the required memo book entries and the UF-250 form was not filled out.

17.  At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff. By not filling out required paperwork and misinforming plaintiff about a complaint phone number, they acted in furtherance of a cover up of their illegal activity.

18.  During all of the events above described, defendants acted maliciously and with

3

intent to injure plaintiff.

19. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

    b. Violation of her right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c. Violation of her New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    d. Violation of her New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    e. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and

    f. Loss of liberty;

    g. Attorney's and court fees.

### FIRST CAUSE OF ACTION
(42 USC § 1983)

20. The above paragraphs are here incorporated by reference.

21. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to plaintiff under 42 USC § 1983.

22. Defendants' conduct deprived plaintiff of her right to be free of unreasonable

searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

23. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(ASSAULT)

24. The above paragraphs are here incorporated by reference.

25. Upon approaching plaintiff, defendants made plaintiff fear for her physical well-being and safety and placed her in apprehension of immediate harmful and/or offensive touching.

26. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under common law, 42 USC §1983 and the New York State Constitution.

27. Plaintiff was damaged by defendants' assault.

## THIRD CAUSE OF ACTION
(FALSE ARREST)

28. The preceding paragraphs are here incorporated by reference.

29. Defendants subjected plaintiff to false arrest, false imprisonment, false detention, and deprivation of liberty without probable cause.

30. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §§1983, New York State common law, and the New York State Constitution.

31. As a result of the false arrest, imprisonment, detention and deprivation of liberty, plaintiff was damaged.

## FOURTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

32. The preceding paragraphs are here incorporated by reference.

33. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

34. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

## FIFTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

35. The preceding paragraphs are here incorporated by reference.

36. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

37. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged. The above paragraphs are here incorporated by reference.

## SIXTH CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

38. The City and Sergeant Maloney are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

39. The City and Sergeant Maloney knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

40. The aforesaid event was not an isolated incident. The City and Sergeant Maloney have been aware for some time (from lawsuits, notices of claim and complaints filed with the

Civilian Complaint Review Board) that many of their police officers are insufficiently trained and/or monitored on the proper basis for stopping and frisking a person. The City Sergeant Maloney are further aware, from the same sources, that NYPD officers routinely falsely detain, arrest and assault citizens without fear of reprisal. The City and Sergeant Maloney fail to discipline officers for not reporting fellow officers' misconduct that they have observed, fail to discipline officers for making false statements to disciplinary agencies, and fail to discipline officers who do not fill out paperwork allowing supervision to take place. Specifically, as in this case, the CCRB often finds officers guilty of failing to fill out required memo book entries and stop and frisk reports, but the City does discipline officers and supervisory for such failure. In this case, Sergeant Maloney who was on the scene of the stop and frisk refused to fill out or direct the filling out of a required UF-250 form, causing this unlawful stop and frisk from being further monitored. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper force is practiced and incredible testimony goes uncorrected. Additionally, the City and Sergeant Maloney have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City and Sergeant Maloney have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

41. The City and Sergeant Maloney knew or should have known that the officers who caused plaintiff injury had a propensity for the type of conduct that took place in this case.

Nevertheless, the City and Inspector failed to take corrective action.

42. The City and Sergeant Maloney have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

43. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City, and Sergeant Maloney to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

44. Defendants the City and Sergeant Maloney have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

45. Plaintiff has been damaged as a result of the wrongful, grossly negligent and illegal acts of the City and Sergeant Maloney.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
May 21, 2012

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Sergeant Robert Maloney

Police Officer Dany Fana

Police Officer Stephen Minucci

Yours, etc.,

*/s/ Leo Glickman*

Leo Glickman
Attorney for Plaintiff
475 Atlantic Ave., 3rd Flr.
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com